Veronica Stirnitzke
OSB # 184482
Law Office of Veronica R. Stirnitzke
P.O. Box 51179
Eugene, OR 97405
Telephone: (541) 200-7912
Facsimile: (541) 500-0073
VRS@StirnitzkeLaw.com

Attorney for Plaintiff Kelly Smith

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **Kelly Smith** an individual<br><br>Plaintiff<br><br>v.<br><br>**Restream, Inc.,** a Delaware corporation registered in Texas<br><br>Defendant. | Case No.: 6:22-CV-1824<br><br>**COMPLAINT**<br>(42 U.S.C. § 2000e-2, 42 U.S. Code § 2000e-3, 42 U.S. Code § 12112, ORS 659A.030, ORS 659A.199, ORS 659A.112)<br><br>DEMAND FOR JURY TRIAL |

## INTRODUCTION

1.

This action is brought on behalf of Plaintiff Kelly Smith for her prior employer, Restream, Inc.'s discrimination against Plaintiff due to her sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, and ORS 659A.030, by altering the terms, conditions, and privileges of employment and/or discriminatory termination of Ms. Smith due to her sex/pregnancy and/or due to Plaintiff's resistance to illegal discrimination in violation of 42 U.S. Code § 2000e-3 and ORS 659A.199 and/or due to due to her disability under 42 U.S. Code § 12112 and ORS 659A.112.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over the state claims under 28 U.S.C. § 1367(a).

3.

Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in Douglas County, Oregon as that was the location where Plaintiff performed the work she was employed to do during the entirety of her employment by Defendant. Further, Defendant consistently and regularly deducted Oregon employment taxes during the course of Plaintiff's employment further establishing that they knowingly and willingly subjected themselves to the laws of the State of Oregon and the venue of Courts within Oregon.

4.

Costs and reasonable attorney fees may be awarded pursuant to 29 U.S.C. § 2617, 42 U.S. Code § 2000e–5(k), Fed. R. Civ. P. 54(d), and ORS 659A.885.

## PARTIES

5.

Plaintiff Kelly Smith is a citizen of the state of Oregon and a resident of Douglas County.

6.

Defendant Restream, Inc, (also referred to as "Restream") is a Delaware corporation registered with the State of Texas. During the court of Plaintiffs employment Defendant

consistently and regularly deducted Oregon employment taxes from Plaintiffs pay. Throughout Ms. Smith's employment, Defendant had over 15 employees.

## FACTUAL ALLEGATIONS

7.

Plaintiff was brought on as an independent contractor in or about December 2018 and was converted to an employee in or about January 2020, as a Customer Service Representative. Plaintiff job title was changed to Support Quality Assurance Specialist in or about January 2020.

8.

Throughout the entirety of Plaintiffs employment Defendant routinely worked remotely from her home and Defendant deducted Oregon employment taxes from her wages.

9.

During the course of Plaintiff's Employment Plaintiff received no scheduled breaks or lunches. Plaintiff believed this to be illegal and informed management as such immediately after being hired and repeated during her course of employment.

10.

Form the time of hiring to approximately May 2020 Artem (surname unknown) was Plaintiff's supervisor and had supervisory authority over her. In or about May 2020 Plaintiff was informed that Anastasia (surname unknown) was now Defendant's head of support and had supervisory authority over Plaintiff.

11.

In or about May 2020 Plaintiff informed Plaintiff informed Artem that she was pregnant.

12.

After informing Management of her pregnancy Plaintiff was given exponentially increasing responsibilities and work without an increase in the allotted time to achieve the stated objectives. Oher employees were not subjected to this change.

13.

In or about November 2020 Plaintiff informed management that she believed the actions referenced in paragraph 12 were in fact illegal.

14.

In or about Late December Plaintiff went out on maternity leave. She returned from maternity leave in or about mid-April 2021.

15.

Right before returning Plaintiff was informed by Alex Khuda, Defendant's CEO, that he wanted Plaintiff to focus on quality assurance and to not be doing customer service at all.

16.

Upon returning from maternity leave Anastasia refused to communicate with Plaintiff regarding her employment. Prior to going out on maternity leave Plaintiff had consistent and regular communications with Anastasia. This represented a substantial change in the terms, conditions, and privileges of employment as Plaintiff could not receive feedback on her work without communication with Anastasia. Plaintiff believed this change was illegal and informed management as such repeatedly between her return from maternity leave and her termination.

17.

During the course of Plaintiffs employment Plaintiff was consistently paid less than a male employee with substantially similar qualifications and responsibilities who Plaintiff trained. That employee was Ben Kraus-Talbert.

18.

During the course of Plaintiffs employment Plaintiff was consistently paid less than a male employee with substantially similar qualifications and responsibilities who had the same job title. That employees name is believed to be Aaron Spurlock.

19.

During the course of Plaintiffs employment Plaintiff was consistently paid less than a male employee with substantially similar qualifications and responsibilities who had the same job title. That employees name is believed to be Sean Patrovsky.

20.

During the court of Plaintiffs pregnancy, she developed a medical condition that required her to check her blood sugar regularly, eat regularly, and take injectable medication. She informed management of this in or about August 2020 by telling either Anastasia, or Artem, or Ben.

21.

When management was informed of this condition and that Plaintiff would need an accommodation to allow her to check her blood sugar, take medication, and eat regularly, management not only refused to accommodate such request but refused to engage in good faith discussions about her need for an accommodation. One of the accommodations requested by Plaintiff to address this issue was a scheduled break and/or lunch.

22.

On or about June 10, 2021, Defendant terminated Plaintiff for performance, despite plaintiff having met the goals and expectations provided to her. As such the stated reason for termination was pretextual. Given the pattern and practice of paying Plaintiff less than male

employees for the same work, refusing to accommodate Plaintiffs disability, and Plaintiffs repeated whistle blower actions it becomes clear Defendant terminated Plaintiff for discriminatory reasons.

23.

On or about August 26, 2021, Plaintiff filed a complaint of discrimination with the Oregon Bureau of Labor and Industries (BOLI) on the bases of facts as alleged in this complaint. That complaint was co-filed with the EEOC, as Defendant's conduct also violated Federal Laws. Plaintiff was granted a right-to-sue notice from BOLI on August 26, 2022, to expire 90 days thereafter. The EEOC issued Plaintiff a right-to-sue notice on September 20, 2022, to expire 90 days thereafter. This action is timely filed within that time frame.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FIRST CLAIM FOR RELIEF**

**CIVIL RIGHTS ACT, 42 U.S.C. §2000e-2**

24.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

25.

Defendant discriminated against Plaintiff on the basis of her sex and/or pregnancy, in violation of 42 U.S.C. § 2000e-2. That discrimination included, but was not limited to, altering the terms, conditions, and privileges of employment due to Plaintiff's sex and/or pregnancy.

26.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the Civil Rights Act. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

27.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of the Americans with Disabilities Act. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

28.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Plaintiff's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

29.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 42 U.S.C. § 12205. Plaintiff is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

## SECOND CLAIM FOR RELIEF

## CIVIL RIGHTS ACT, 42 U.S. Code § 2000e-3

30.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

31.

Defendant discriminated against Plaintiff on the basis of her resistance to Defendant's violation of 42 U.S. Code § 2000e-2, in violation of 42 U.S. Code § 2000e-3. That discrimination included, but was not limited to, maintaining a separate set of terms, conditions, and privileges of employment in retaliation for resisting said discrimination. Further, Defendant violated 42 U.S. Code § 2000e-3 by discriminating against Plaintiff in altering the terms, conditions, and privileges of employment by terminating Plaintiff's employment in retaliation for resisting said illegal discrimination.

32.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 42 U.S. Code § 2000e-3. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

33.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of 42 U.S. Code § 2000e-3. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

34.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Plaintiff's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

35.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 29 U.S. Code § 2615. Plaintiff is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

### THIRD CLAIM FOR RELIEF

### ADA, 42 U.S. Code §12112

36.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

37.

Defendant discriminated against Plaintiff on the basis of her disability in violation of 42 U.S. Code §12112. That discrimination included, but was not limited to, failing, and refusing to meaningfully engage in the interactive process to reasonably accommodate her disability and/or failing and refusing to reasonably accommodate her disability and/or terminating Plaintiff for her disability.

38.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 42 U.S. Code §12112. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

39.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of 42 U.S. Code §12112. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

40.

Defendant's actions were taken in bad faith, maliciously, or with reckless indifference to Plaintiff's rights, entitling her to punitive damages in an amount to be determined by a jury but not to exceed $500,000.

41.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 29 U.S. Code § 2615. Plaintiff is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

## **FORTH CLAIM FOR RELIEF**

**ORS 659A.030**

42.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

43.

Defendant discriminated against Plaintiff on the basis of her sex and/or pregnancy, in violation of 659A.030. That discrimination included, but was not limited to, altering the terms, conditions, and privileges of employment due to Plaintiff's sex.

44.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of 659A.030. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

45.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of the Americans with Disabilities Act. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

46.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885. Plaintiff is also entitled to pre and post judgment interest.

## FIFTH CLAIM FOR RELIEF

### ORS 659A.199

47.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

48.

Defendant discriminated against Plaintiff on the basis of her resistance to Defendant's violations of 659A.030 and ORS 659A.112, in violation of 659A.199. That discrimination included, but was not limited to, maintaining a separate set of terms, conditions, and privileges of employment by in retaliation for resisting said discrimination. Further, Defendant violated 659A.199 by discriminating against Plaintiff in altering the terms, conditions, and privileges of employment by terminating Plaintiff's employment in retaliation for resisting said illegal discrimination.

49.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 659A.199. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

50.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of 659A.199. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

51.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885. Plaintiff is also entitled to pre and post judgment interest.

## SIXTH CLAIM FOR RELIEF

### ORS 659A.112

52.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

53.

Defendant discriminated against Plaintiff on the basis of her disability in violation of 659A.112. That discrimination included, but was not limited to, failing, and refusing to meaningfully engage in the interactive process to reasonably accommodate her disability and/or failing and refusing to reasonably accommodate her disability and/or terminating Plaintiff for her disability.

54.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 659A.199. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

50.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of 659A.199. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

51.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to ORS 659A.885. Plaintiff is also entitled to pre and post judgment interest.

## SIXTH CLAIM FOR RELIEF

### ORS 659A.112

52.

Plaintiff incorporates and realleges the facts set forth in paragraphs 1-23 above.

53.

Defendant discriminated against Plaintiff on the basis of her disability in violation of 659A.112. That discrimination included, but was not limited to, failing, and refusing to meaningfully engage in the interactive process to reasonably accommodate her disability and/or failing and refusing to reasonably accommodate her disability and/or terminating Plaintiff for her disability.

54.

Plaintiff has suffered economic damages, including loss of wages and benefits as a result of Defendant's violation of the 659A.112. These damages are continuing. Plaintiff is entitled to recover payment for these damages in an amount to be determined by the jury.

55.

Plaintiff has suffered non-economic damages, including emotional distress, anxiety, humiliation, and stress as a result of Defendant's violation of 659A.112. These damages are continuing. Plaintiff is entitled to recover payments for these damages in an amount to be determined by the jury but not to exceed $500,000.

56.

Plaintiff is entitled to reasonable attorney fees and costs, including expert witness fees, pursuant to 29 U.S. Code § 2615. Plaintiff is also entitled to pre and post judgment interest, pursuant to 28 U.S.C. § 1961.

## **DEMAND FOR PUNITIVE DAMAGES**

The actions of the Defendant described in this complaint were deliberate, intentional, and embarked on with the knowledge of, or in conscious disregard for, Defendant's obligations under 42 U.S.C. §2000e-2, 42 U.S. Code § 2000e-3, and 42 U.S.C. §12112. As a result of said intentional, callous or reckless conduct, Ms. Smith is entitled to punitive damages against the Defendant in an amount sufficient to punish them and to deter others from engaging in such illegal conduct.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury as to all issues

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Geraldine Sundstrom requests that the Court grants her the following relief:

1. Compensatory damages in an amount to be determined at trial
2. Economic damages in the form of lost wages and pre and post judgment interest in an amount to be determined at trial;
3. Her reasonable attorney fees and costs incurred herein;
4. Punitive damages as to Federal Claims in an amount to be determined at trial; and
5. Such other relief as the Court deems just and equitable;

DATED this 8th of November 21, 2022.

/s/ *Veronica Stirnitzke*
Veronica Stirnitzke OSB # 184482